**ZFATY | BURNS**
Isaac R. Zfaty, State Bar No. 214987
irz@zfatyburns.com
Ryan N. Burns, State Bar No. 215939
rnb@zfatyburns.com
3 Park Plaza, Suite 780
Irvine, CA 92614
Telephone: (949) 398-8080
Facsimile: (949) 398-8081

Attorneys for Plaintiffs SEMISERVE, INC.,
STUART PROCTOR, and KIRSTEEN PROCTOR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMISERVE, INC., a Nevada corporation, STUART PROCTOR, an individual, and KIRSTEEN PROCTOR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>SEMICON SERVICES, LLC, an Illinois limited liability company, an individual, and DOES 1-20,<br><br>Defendants.<br><br>SEMICON SERVICES, LLC, and RETRONIX INTERNATIONAL, INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>SEMISERVE, INC., STUART PROCTOR, and KIRSTEEN PROCTOR,<br><br>Counterclaim-Defendants. | Case No.: 8:14-cv-02009-JLS (DFM)<br>Judge: Hon. Josephine L. Staton<br>Court Room: 10A<br><br>[PROPOSED] PROTECTIVE ORDER |

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

[PROPOSED] PROTECTIVE ORDER

## ORDER

IT IS HEREBY ORDERED that:

1. **DEFINITIONS**

The terms defined in this section shall, throughout this Order, have the meanings herein provided. Defined terms may be used in the singular or in the plural.

1.1 "Designating party" means the party designating any information which it either produces, is asked to produce, or whose information is sought from or produced by any other person as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

1.2 "Receiving Party" means the party receiving or requesting production of information designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."

1.3 "Confidential Information" means any information, whether or not embodied in any physical medium, used (or commercially scheduled to be used) by the Designating Party in or pertaining to its trade or business that the Designating Party believes in good faith is not generally known. Any summary, compilation or copy of any Confidential Information shall also constitute Confidential Information.

1.4 "Attorney's Eyes Only Information" means that subset of information meeting the definition of "Confidential Information" set forth in Paragraph 1.3 above and which is so highly sensitive that disclosure beyond the limits set forth in Section 4 below would create a substantial risk of serious injury that could not be avoided by less restrictive means. The Designating Party shall bear the ultimate burden of proving that any information it has designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" meets the foregoing definition.

1.5 "Termination" means the dismissal, whether with or without prejudice, or settlement of this action, or entry of final judgment in this action and the

[PROPOSED] PROTECTIVE ORDER

expiration of all periods of time to appeal or seek judicial review of such judgment, and/or the final conclusion of any appeal, including time to seek any further review thereof.

## 2. SCOPE AND INTERPRETATION OF THIS ORDER

2.1   This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2.2   This Order shall be applicable to, and shall govern, all (a) requests for production of documents and things; (b) depositions; (c) interrogatories; (d) requests for admission and any other discovery authorized by the Federal Code of Civil Procedure; and (e) any other letters, communications, mailings or other exchanges of information or presentation of evidence by the parties in this action not otherwise identified by the preceding descriptions.

2.3   All information designated by a Designating Party as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" in accordance with this Order shall be used solely for the purposes of this action. Such information may not be used for any business or commercial purpose, except by written agreement between the Designating Party and the Receiving Party or upon an order by this Court after reasonable notice and a hearing, at which the Designating and Receiving Parties shall have an opportunity to be heard.

2.4   A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" designation at the time made, and not doing so at that time shall not waive that party's right at any time during which this Order shall be in effect to challenge such

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

- 2 -

[PROPOSED] PROTECTIVE ORDER

designation. All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

2.5 The designation by a Designating Party of any document, thing or information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order shall be made in good faith and shall be intended solely to facilitate the pre-trial proceedings, preparation, trial, and settlement of this action. Counsel's treatment of designated documents or information in conformity with the indicated designation shall not be an admission or agreement by any party that the designated information, in fact or in law, constitute any proprietary and/or confidential information of any other party. The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" pursuant to this Order shall not, in substantive proceedings in this action, excuse or relieve the Designating Party from the burden of proof imposed by the relevant substantive law.

2.6 This Order shall not be construed as a waiver by the parties of any objection which might be raised as to the admissibility of any evidentiary material. This Order shall also be without prejudice to the rights of any person to oppose production of any information on any proper ground.

3. USE AND/OR DISCLOSURE OF CONFIDENTIALNFORMATION

3.1 The Receiving Party and its counsel shall not, directly or indirectly, in whole or in part, disclose any document, information or thing designated "CONFIDENTIAL" to any person, except those persons described in Sections 3.2 through 3.8:

3.2 The Court and its personnel, any jury empaneled in this action and any other person who may serve in a judicial or quasi-judicial function;

3.3 A professional court reporter or videographer engaged to transcribe or record testimony in this action;

3.4 Any (a) individual who is a party of record in this action, and (b) any

- 3 -
[PROPOSED] PROTECTIVE ORDER

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

officer, director, in-house counsel, or employee of a party of record who is actively assisting in the preparation and trial of this litigation;

    3.5    Outside counsel of record and its employees providing active assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

    3.6    Expert witnesses and consultants engaged to assist counsel in the defense or prosecution of this action, provided that such expert witnesses and consultants first shall have signed a Confidentiality Agreement in the form attached as Exhibit A;

    3.7    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof; and

    3.8    Any other person to whom the parties agree in writing.

4.    USE AND/OR DISCLOSURE OF ATTORNEY'S EYES ONLY INFORMATION

    4.1    The Receiving Party and its counsel shall not, directly or indirectly, in whole or in part, disclose any document, information or thing designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" to any person, except those persons described in Sections 4.2 through 4.7:

    4.2    The Court and its personnel, any jury empaneled in this action and any other person who may serve in a judicial or quasi-judicial function;

    4.3    A professional court reporter or videographer engaged to transcribe or record testimony in this action;

    4.4    Outside counsel of record and its employees providing active assistance with this litigation (including law clerks, legal assistants, technical assistants, secretaries and clerks of such counsel);

    4.5    Expert witnesses and consultants engaged to assist counsel in the defense or prosecution of this action, provided that such expert witnesses and consultants first shall have signed a Confidentiality Agreement in the form attached

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

as Exhibit A;

4.6    Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

4.7    Any other person to whom the parties agree in writing; and

4.8    The designation of information as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall not preclude outside counsel from relying upon such material in the course of providing legal advice to the parties in this action; provided, however that outside counsel shall not disclose the contents of any "CONFIDENTIAL—ATTORNEY'S EYES ONLY" information in the course of providing legal advice;

4.9    Persons shown documents or information designated as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" under this subparagraph shall not be allowed to retain copies thereof;

5.    USE OF CONFIDENTIAL INFORMATION AND ATTORNEY'S EYES ONLY INFORMATION AT DEPOSITIONS

5.1    Upon the good faith assertion by counsel for the designating party that a question or line of questions at a deposition or hearing is likely to result in the disclosure of Confidential Information or Attorney's Eyes Only Information, any person not entitled under the pertinent provisions of Sections 3 and 4 to access to Confidential Information or Attorney's Eyes Only Information shall leave the deposition or hearing until the question or line of questions is completed, unless otherwise ordered by the Court. The Confidential Information or Attorney's Eyes Only Information disclosed at the deposition or hearing shall not, directly or indirectly, in whole or in part, be used with, disclosed or made available to any person, except those persons set forth, with respect to Confidential Information or Attorney's Eyes Only Information, in Sections 3 and 4.

5.2    Information disclosed at the deposition of the Designating Party or its present or former officers, directors, employees, agents or independent consultants

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

may be designated as Confidential Information or Attorney's Eyes Only Information either (a) on the record at the deposition, or (b) by serving a written notification on the other parties and any involved deponent, as described below.

     5.3    All transcripts of depositions and deposition exhibits, and all information adduced in deposition, shall, in their entirety, be treated as Confidential Information for a minimum of twenty (20) business days after such transcripts and exhibits are actually received by a counsel for each party. The Designating Party may specifically designate information contained in the transcript and exhibits as Confidential Information or Attorney's Eyes Only Information, whether or not previously designated as such, by notifying all parties in writing of the specific pages and lines of the transcript or exhibit which contain such information. Each party shall attach a copy of such written statement to the face of the transcript or exhibit and to each copy in its possession, custody or control. Thereafter, these portions of the transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be treated in accordance with the terms of this Protective Order.

6.    DESIGNATED CONFIDENTIAL INFORMATION AND ATTORNEY'S EYES ONLY INFORMATION AND COURT PROCEEDINGS OR FILINGS

     6.1    A Party that seeks to file under seal any documents containing Confidential Information or Attorney's Eye's Only Information must comply with Civil Local Rule 79-5. Such information may only be filed under seal pursuant to a court order authorizing the sealing of the specific information at issue. If a Party's request to file Confidential Information under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court. Before filing any Confidential Information or Attorney's Eyes Only Information, the party intending to rely on such information shall notify the Designating Party of its intent to rely on such information. The parties agree

- 6 -
[PROPOSED] PROTECTIVE ORDER

not to oppose any motion to file materials under seal, unless any material sought to be filed under seal is the subject of a dispute between the parties under Section 2.4 of this Order, which has not been resolved at the time the motion to seal is filed.

6.2   All documents (or other appropriate sealed container) containing Confidential Information or Attorney's Eyes Only Information filed with the Court in connection with any motion or proceeding shall be endorsed with the following legend:

FILED UNDER SEAL

"Contains information designated "CONFIDENTIAL" [and/or "CONFIDENTIAL—ATTORNEY'S EYES ONLY"] that is subject to a pending motion to file the record under seal."

6.3   Confidential Information and Attorney's Eyes Only Information shall be filed in separate envelopes and marked accordingly.

6.4   Except as filed with the Court in accordance with this Order and except as otherwise may be required by law, all documents, information and things designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be maintained separately and at all times in the custody of individuals to whom access may be given under this stipulation who, as applicable, have each executed a Confidentiality Agreement in the form of Exhibit A.

7.   TERMINATION OF THIS ACTION

7.1   Within sixty (60) days after Termination of this action, the original and all copies of each document and thing produced in discovery and, other than attorney work product, any notes, summaries, abstracts or portions of any such document or thing, including copies given to any expert or other person pursuant to this Order, which contain Confidential Information or Attorney's Eyes Only Information shall (unless contrary to the Court's rulings in this action) be either delivered to counsel for the Designating Party or, at the option of the Receiving Party, shall be destroyed by the party on possession of such documents or things.

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

- 7 -

[~~PROPOSED~~] PROTECTIVE ORDER

If the Receiving Party elects to have documents or things embodying Confidential Information or Attorney's Eyes Only Information destroyed, the party in possession of such documents or things shall, within sixty (60) days of Termination, certify to the Designating Party under penalty of perjury that such destruction has been completed.

7.2  Insofar as the provisions of this Order restrict the use, disclosure or communication of any document or thing produced under it, this Order shall continue to be binding after the Termination of this action, and the Court shall retain jurisdiction over all persons and parties bound by this Order for the purposes of its enforcement.

8. THIRD PARTY DISCOVERY

8.1.  If any non-party, having received a subpoena or compulsory process, wishes to utilize the protections set forth in this Order, such third-party may do so by acknowledging in writing that it is bound by the terms of this Order and by submitting to the jurisdiction of this Court for the purpose of enforcing this Order.

9. INADVERTENT PRODUCTION

9.1  The inadvertent production of any document or other disclosure of litigation material which the Disclosing Party contends is subject to this Order shall not necessarily be deemed a waiver in whole or in part of the claim of protection, either as to the specific document or the information disclosed.  Promptly after the discovery of the inadvertent production, the Disclosing Party shall give notice to the Receiving Party that documents or information have been inadvertently produced or disclosed and request that such documents or information be designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY."  The Receiving Party shall treat the inadvertently disclosed documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY" as originally designated until such time as any dispute over the designation has been resolved.  Any such dispute shall be resolved under Paragraph 2.4, above, and the

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

- 8 -
[PROPOSED] PROTECTIVE ORDER

Designating Party's inadvertent disclosure shall be a factor in determining whether any given designation is justified.

10. CUMULATIVE REMEDIES

10.1 In the event anyone shall violate or threaten to violate any terms of this Order, the parties agree that the Designating Party may immediately apply to obtain injunctive relief against such other person or entity. Any and all other remedies available to the Designating Party, including an order to show cause re: contempt, are cumulative, and the application for one does not preclude the later application for any other.

11. MISCELLANEOUS

11.1 If any authority subpoenas or orders production of Confidential Information or Attorney's Eyes Only Information that a Receiving Party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and absent a court order, shall not produce the information until the Designating Party has had reasonable time to object or take other appropriate steps to protect the information.

11.2 When any attorney of record in this action becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall promptly report to the Court and to the Designating Party that there may have been a violation of this Order.

11.3 Execution and entry of this Order shall not prevent a party to this action from seeking upon application to this Court to modify this Order for good cause shown or from seeking such other relief upon good cause shown as may become appropriate or necessary.

IT IS SO ORDERED.

Dated: 11/10/2015

The Honorable DOUGLAS F. McCORMICK
United States Magistrate Judge

ZFATY | BURNS
3 PARK PLAZA, SUITE 780
IRVINE
CALIFORNIA 92614
(949) 398-8080

- 9 -

[PROPOSED] PROTECTIVE ORDER